IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 75072-1-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| DAVID ZACHERY MORGAN, | |
| Appellant. | FILED: March 9, 2020 |

CHUN, J. — This matter comes before us on remand from the Washington State Supreme Court. This court reversed David Morgan's convictions for attempted first degree murder, first degree assault, and first degree arson. The Supreme Court reversed the Court of Appeals decision, reinstating Morgan's convictions and remanding to us to address the remaining issues he raises in his appeal. We affirm.

## BACKGROUND

The State charged Morgan with attempted first degree murder, first degree assault, and first degree arson, all alleged as crimes of domestic violence committed against his ex-wife, Brenda Welch. Police found Welch lying in a pool of blood in Morgan's garage while the house was on fire. She suffered permanent injuries and did not remember what happened to her.[1] A first trial

---

[1] The facts are set forth in detail in this court's unpublished opinion. State v. Morgan, noted at 3 Wn. App. 2d 1063 (2018). We repeat only those facts necessary to resolve the issues before us now on remand.

ended in a mistrial after the prosecutor elicited an opinion from an expert witness the State did not disclose in pretrial discovery. After a second trial, a jury found Morgan guilty as charged.

Morgan appealed, raising a number of issues: (1) the trial court erred by denying his motion to dismiss for prosecutorial misconduct, (2) retrial of the charges following a mistrial violated the prohibition against double jeopardy, (3) the trial court erred by denying his motion to suppress evidence of his clothing that was seized without a warrant, (4) the trial court erred by denying his motion to suppress his statements to police that were not preceded by Miranda[2] warnings, (5) the prosecutor committed misconduct in closing argument by comments that shifted the burden of proof and impugned defense counsel, (6) the trial court erred by instructing the jury that it need not be unanimous on the means by which he committed the arson, and (7) the trial court erred by refusing to instruct the jury it must presume the fire was caused by accident or natural causes.

This court held the trial court did not abuse its discretion by declining to dismiss the charges following the mistrial trial motion and double jeopardy did not bar retrial, but reversed the trial court's order denying suppression of Morgan's clothing, concluding that neither the exigent circumstances nor the plain view exception to the warrant requirement applied. Morgan, Slip op. at 1, 27. Holding this was reversible error, we remanded for a new trial. Morgan, Slip op. at 29, 35. We then proceeded to "only address those remaining issues that may recur

---

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

at trial on remand," and held that <u>Miranda</u> warnings were not required during Morgan's interrogation and the trial court did not abuse its discretion by refusing to give an instruction that a fire is presumed accidental or caused by natural causes. <u>Morgan</u>, Slip op. at 29. We did not reach Morgan's claims of prosecutorial misconduct in closing argument or his challenge to the first degree arson "to convict" instruction. <u>Morgan</u>, Slip op. at 29 (finding "[i]t is unnecessary to address the other issues raised in this appeal").

The State petitioned for review and the Washington State Supreme Court reversed, holding that the plain view exception applied to permit the seizure of Morgan's clothing. The Supreme Court reinstated Morgan's convictions and remanded to this court for further proceedings. Accordingly, we address the remaining issues not reached in the first appeal.

ANALYSIS

<u>Jury Unanimity</u>

Morgan contends the first degree arson "to convict" instruction violated his constitutional right to jury unanimity because it instructed the jurors that they did not need to be unanimous. That instruction states:

> To convict the defendant of the crime of Arson in the First Degree as alleged in Count III, each of the following four elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about the 16th day of November, 2014, the defendant caused a fire;
>
> (2) That the fire
>
> (a) damaged a dwelling or
>
> (b) was in a building in which there was at the time a human being who was not a participant in the crime; and

3

(3) That defendant acted knowingly and maliciously; and

(4) That this act occurred in the State of Washington.

If you find from the evidence that elements (1), (3), (4), and any of the alternative elements (2)(a), or (2)(b), have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty. To return a verdict of guilty, the jury need not be unanimous as to which of alternatives (2)(a), or(2)(b), have been proved beyond a reasonable doubt, as long as each juror finds that at least one alternative has been proved beyond a reasonable doubt.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of elements (1), (2), (3) or (4), then it will be your duty to return a verdict of not guilty.

The court gave this instruction to the jury over the defense's objection.

The standard of review for a trial court's decision on whether to give a jury instruction depends on the reason for the decision. If the decision was based on a factual determination, we review it for an abuse of discretion. State v. Condon, 182 Wn.2d 307, 315-316, 343 P.3d 357 (2015). If, as in this case, it was based on a legal conclusion, we review it de novo. Condon, 182 Wn.2d at 316.

Morgan claims he has a right to jury unanimity on the specific means of committing the crime, citing the dissent in State v. Franco, 96 Wn.2d 816, 833-35, 639 P.2d 1320 (1982) (Utter, J., dissenting) and case law from other jurisdictions. But he also noted our Supreme Court's pending consideration of a similar to convict instruction. Since the filing of Morgan's briefing, the Supreme Court issued its opinion in State v. Armstrong, 188 Wn.2d 333, 335, 340-343, 394 P.3d 373 (2017), and reaffirmed well-settled case law that, in alternative means cases, jury unanimity on the specific means is not required where substantial evidence supports both alternatives submitted to the jury.

4

Here, there was substantial evidence of each means. The evidence established that the fire damaged Morgan's house, a dwelling, and that Welch, a non-participant in the crime, was present in the building at the time of the fire. Accordingly, the "to convict" instruction correctly stated the law. See Armstrong, 188 Wn.2d at 344 (noting that while an instruction on jury unanimity on the alternate method is preferable, "an instruction being preferable does not make it a requirement").

Prosecutorial Misconduct

Morgan next contends the prosecutor committed misconduct during rebuttal closing argument by making comments that impugned defense counsel and shifting the burden of proof. Specifically, he challenges the prosecutor's comments that one of Morgan's lawyers did not attend defense interviews of the State's witnesses and that Morgan did not provide an explanation for questions raised by his version of the facts.

We review allegations of prosecutorial misconduct for an abuse of discretion. State v. Lindsay, 180 Wn.2d 423, 430, 326 P.3d 125 (2014). "To prevail on a claim of prosecutorial misconduct, the defendant must establish 'that the prosecutor's conduct was both improper and prejudicial in the context of the entire record and the circumstances at trial.'" State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011) (internal citation and quotation marks omitted) (quoting State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)). The defendant bears the burden of establishing prejudice, which requires the defendant to prove there is a substantial likelihood that the misconduct affected

the jury's verdict. Thorgerson, 172 Wn.2d at 442-443. When reviewing a claim that prosecutorial misconduct requires reversal, we review the statements in the context of the entire case. Thorgerson, 172 Wn.2d at 443.

Morgan first challenges the following comments as impugning defense counsel and shifting the burden of proof:

> And if there was any reason to believe that every single known fact would be reported by these firefighters at 1:09 in the morning, after they've saved a woman's life, after they've fought other fires, after they cleaned their equipment -- Why did Todd Reeves tell you this morning, I interviewed 40 people; we had statements from most of these folks, reports, forensic reports? Well, there may be more questions. And in those few interviews where Ms. Silbovitz was there, even when you were done, did she ask some questions? Yep. Well, Mr. Wackerman ever show up at any of these interviews? No. And that's fine. But they were never asked until –

At trial Morgan objected to these comments as "burden shifting." The court overruled the objection, stating, "The jury is reminded that this is closing argument, as distinct from the evidence portion."

"In closing argument the prosecuting attorney has wide latitude to argue reasonable inferences from the evidence, including evidence respecting the credibility of witnesses." Thorgerson, 172 Wn.2d at 448. But "[i]t is improper for the prosecutor to disparagingly comment on defense counsel's role or impugn the defense lawyer's integrity." Thorgerson, 172 Wn.2d at 451 (citing State v. Warren, 165 Wn.2d 17, 29-30, 195 P.3d 940 (2008); State v. Negrete, 72 Wn. App. 62, 67, 863 P.2d 137 (1993)). Comments implying defense counsel's deception or dishonesty in the context of a court proceeding impugn defense counsel's integrity and amount to misconduct. Thorgerson, 172 Wn.2d at 452

6

(referring to defense counsel's presentation as "sleight of hand"); Lindsay, 180 Wn.2d at 433 (stating that defense counsel had "pitched. . . a crock" to the jury); see also Warren, 165 Wn.2d at 29-30 (describing defense counsel's argument as a "classic example of taking these facts and completely twisting them to their own benefit, and hoping that you are not smart enough to figure out what in fact they are doing"); Negrete, 72 Wn. App. at 66 (stating defense counsel was "being paid to twist the words of the witnesses"). In Lindsay, the court noted the difference between comments implying deception and dishonesty that impugned counsel, and those that were "unprofessional," "obnoxious," "rude" and focused on the lawyer's personalities, which "alone, probably did not fundamentally undermine defense counsel's role or integrity." 180 Wn.2d at 432-33.

"A prosecutor generally cannot comment on the defendant's failure to present evidence because the defendant has no duty to present evidence." Thorgerson, 172 Wn.2d at 453. But "'[i]t is not misconduct ... for a prosecutor to argue that the evidence does not support the defense theory.' As an advocate, the prosecuting attorney is entitled to make a fair response to the arguments of defense counsel." State v. Brown, 132 Wn.2d 529, 566, 940 P.2d 546 (1997) (quoting State v. Russell, 125 Wn.2d 24, 87, 882, P.2d 747 (1994)); In re Pers. Restraint of Caldellis, 187 Wn.2d 127, 143-44, 385 P.3d 135 (2016).

Morgan asserts the comment about Mr. Wackerman's failure to "show up" at the interviews impugned defense counsel by suggesting he was lazy or failed to perform a duty. But Morgan fails to show this comment implies deception or dishonesty in a court proceeding. See Thorgerson, 172 Wn.2d at 452; Lindsay,

180 Wn.2d at 433. Viewed in context, the prosecutor appeared to respond to the defense argument that the State's witnesses testified inconsistently with what they said in defense interviews. As defense counsel argued:

> Why do all these inconsistencies matter? Because credibility matters. It affects the assessment of Mr. Morgan; it shows that the testimony these witnesses have provided is colored by their interest in serving the prosecution. It's -- for all of these fire- --most of these firefighters, their testimony's not neutral; it's not disinterested.
>
> There are other ways in which they test- -- their credibility is at issue; they testified inconsistently.

While the purpose of the prosecutor's reference to Mr. Wackerman is not entirely clear, he appears to have been pointing out that Mr. Wackerman could not know if the witnesses' testimony was inconsistent with what they said in the defense interviews since he was not there. In any event, this single reference to one of Morgan's lawyers not attending defense interviews does not imply defense counsel engaged in deception or dishonesty in a court proceeding, or otherwise undermine defense counsel's role.[3] Morgan fails to show this comment rises to the level of impugning defense counsel as established in cases where the court found misconduct.

For the same reasons, Morgan fails to show this comment improperly shifted the burden of proof. Morgan asserts that by making this comment, the prosecutor "claimed that defense counsel had failed to fulfill his investigatory obligations by failing to attend interviews." But again, viewed in context, it was

---

[3] In any event, the prosecutor did say, "And that's fine," after noting Mr. Wackerman did not show up at the interviews, apparently acknowledging that attending the interviews was not counsel's obligation. Morgan asserts this was actually an underhanded way of saying it was *not* "fine," but here it is impossible for us to discern what was meant beyond the actual words in the transcript.

likely a response to the defense argument that the witnesses lacked credibility because their testimony was inconsistent. If Mr. Wackerman did not attend the interviews, he could not know for sure what was asked and what they said. Morgan fails to show the prosecutor's comment amounts to misconduct. See Brown, 132 Wn.2d at 566 (not misconduct for prosecutor to argue evidence does not support the defense theory).

Moreover, Morgan fails to show this comment prejudiced the outcome of the case. See Thorgerson, 172 Wn.2d at 452 (even though comment impugning counsel amounted to misconduct, it was not likely to have altered the outcome of the case where relevant evidence showed the defendant committed the crimes). Relevant evidence established that Morgan committed the crimes. The State's evidence established the fire was intentionally set, that Morgan knew about the fire in advance, and that he was standing close to Welch when she was assaulted. Given this relevant evidence of Morgan's guilt, it was unlikely that this brief, isolated, and not entirely clear comment about defense counsel's participation in a witness interview affected the jury's verdict.

Morgan further claims the prosecutor improperly shifted the burden of proof by the following comments:

> No soot. If he had been helping her take off that sweater, he would have breathed in that soot. If he had lit her on fire and ran out of that room and chased her down and hit her, there would be no soot. There would be no smoke inhalation. Thank you. And the one question that isn't answered by his theory, by his question –
>
> . . .
>
> The one question that his explanation that you've heard does not provide for us, was this self-inflicted? Did she break the eye herself,

9

smash that in herself, wound herself, and spray blood on the left-handed Mr. Morgan's left arm?

Morgan objected as "burden shifting," and the court overruled the objection.

These comments were responsive to the defense closing argument, which focused on Morgan's version of the facts. They were not improper. As defense counsel argued: "Mr. Morgan has given you a version of what happened. Has anyone given you a version to contradict this? No. Has the State offered or proved an alternative story? No." He then proceeded to describe in detail Morgan's version of events, including his efforts to help her take off her sweater while she was on fire.

Morgan's reliance on State v. Fleming, 83 Wn. App. 209, 921 P.2d 1076 (1996), is misplaced. There, the prosecutor argued there was no reasonable doubt because there was no evidence the victim was lying or confused and if there had been any such evidence, the defendant would have presented it. Fleming, 83 Wn. App. at 214. But here, the prosecutor pointed out inconsistencies between Morgan's version of events and the evidence that was presented. The prosecutor did not tell the jury Morgan had to disprove the State's evidence or he should be convicted because of a lack of evidence, as in Fleming. Rather, the prosecutor argued Morgan's theory of the case was inconsistent with the evidence that was presented. This was a "fair response" to defense argument. See In re Pers. Restraint of Caldellis, 187 Wn.2d at 143-44 (prosecutor's statements that defense counsel forgot a big reason why defendant did not testify and that he could think of one more, were fair response to defense

counsel's closing where defense counsel suggested many reasons why defendant would not testify).

Moreover, as the State points out, when a defendant gives a partial statement to police, a prosecutor may comment on inconsistencies between the defendant's "partial silence" and defense theories pursued at trial. State v. Scott, 58 Wn. App. 50, 55, 791 P.2d 559 (1990) (citing State v. Belgarde, 110 Wn.2d 504, 511, 755 P.2d 174 (1988)). Here, as presented in closing argument, Morgan's theory of the case was based largely on his statements to police. In responding to that theory, the prosecutor properly commented that those statements failed to explain key facts, pointing out inconsistencies between the statements and the evidence, not Morgan's failure to present evidence. Morgan fails to show the prosecutor's comments improperly shifted the burden of proof. Because Morgan has not established that any of the challenged comments amounts to prosecutorial misconduct, we need not determine whether they prejudiced the outcome of the trial.

We affirm.

_Chun, J._

WE CONCUR:

_Baker, J_

_Appelwick_

11